Filed 8/23/24  P. v. Best CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B330811 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 3PB02445) |
| v. | |
| KIRAN BEST, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jeffrey S. Cohen-Laurie, Judge.  Dismissed.

C. Matthew Missakian, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jonathan J. Kline and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Kiran Best was placed on postrelease community supervision (PRCS)[1] after serving his time for a felony offense in state prison. On appeal, defendant challenges the court's denial of his request to modify terms of his PRCS. The Attorney General contends the appeal is moot because defendant is no longer on PRCS. We agree and decline to exercise our discretion to reach the merits. Therefore, the appeal is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2018, pursuant to a plea agreement, defendant pled no contest to felony assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). The trial court sentenced him to 364 days in jail and five years' probation. In December 2021, the court found defendant had violated his probation and sentenced him to three years in state prison.

After defendant was released from prison, he was placed on PRCS under the supervision of the Los Angeles County Probation Department (Probation Department). The Probation Department submitted a housing referral on his behalf, resulting in a placement at the Pathways Sober Living housing facility (Pathways). As a condition of his residence, defendant signed a document agreeing to forfeit his landlord-tenant rights and to reside at Pathways as a guest.

---

[1] "PRCS supervision was established as an element of the Criminal Justice Realignment Act of 2011 (enacted by Stats. 2011, ch. 15, §§ 1, 450, amended by Stats. 2011, ch. 361, § 6.7 and Stats. 2012, ch. 43, § 27). The Criminal Justice Realignment Act of 2011 made significant changes to the sentencing and supervision of persons convicted of felony offenses and shifted responsibility for the custodial housing and postrelease supervision of certain felons from the state to the local jails and probation departments. [Citations.]" (*People v. Jones* (2014) 231 Cal.App.4th 1257, 1266.)

2

Defendant subsequently violated Pathway's rules and the program operator discharged him from the facility. Defendant refused to move. Pathways informed defendant's probation officer of the rules violation and his refusal to comply with the agreed upon terms of his housing. The probation officer told defendant to leave Pathways. Defendant again refused to leave the facility. The Probation Department arrested defendant for failing to comply with its instructions and filed a petition to revoke his supervision. The People were unable to proceed with the petition and it was later dismissed.[2] Defendant was then released back on PRCS under the same terms and conditions.[3]

On May 31, 2023, defendant filed, in pro. per., a petition to modify the terms of his PRCS. As relevant here, he sought "injunctive relief to prevent the [P]robation [D]epartment from interfering with [his] housing." After an evidentiary hearing, the trial court denied the motion. The court reasoned it did not "have jurisdiction to hear such an issue," but noted that defendant might have "another remedy in a different court."

Defendant timely appealed.

## DISCUSSION

"As a general rule, ""the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the

---

[2]     The reason as to why the People were unable to proceed with the petition to revoke defendant's supervision is not in the appellate record.

[3]     The terms and conditions of defendant's PRCS are not included in the appellate record.

3

matter in issue in the case before it."'" (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.)  Thus, an "'action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.'" (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866; see also *Giles v. Horn* (2002) 100 Cal.App.4th 206, 226–227.)  Put another way, "'[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief.'" (*Brown v. California Unemployment Ins. Appeals Bd.* (2018) 20 Cal.App.5th 1107, 1116, fn. 6.)" (*People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1149–1150.)  Here, defendant acknowledges that appellate courts generally decide only actual controversies.  He further concedes that this matter is "technically moot" because he is no longer on PRCS.

Nevertheless, defendant urges us to reach the merits of his challenge, arguing that it involves an important matter of public interest that is likely to recur, yet evade review.  (*Building a Better Redondo, Inc. v. City of Redondo Beach, supra,* 203 Cal.App.4th at p. 867.)  This case does not fall into that category.  The trial court's ability to enjoin the Probation Department from involving itself in the circumstances of defendant's housing involves "a particular factual determination that must be resolved on a case-by-case basis, dependent upon the specific facts of a given situation." (*Giles v. Horn, supra,* 100 Cal.App.4th at p. 228.)  It is highly speculative whether the same factual situation would likely occur with this defendant or another.  Thus, we decline to exercise our discretion to entertain this moot appeal.

4

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

CURREY, P. J.

MORI, J.

5